FILED

DEC 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30355 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-30004-PA |
| v. | |
| JOHN AINERD DOUGAL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

John Ainerd Dougal appeals from the district court's judgment and

challenges the 260-month sentence imposed following his guilty-plea conviction

for using a minor to produce a visual depiction of sexually explicit conduct, in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. §§ 2 and 2251(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dougal contends that the district court procedurally erred by failing to explain the sentence adequately, to address Dougal's comparative culpability, and to respond to evidence that Dougal represented a low recidivism risk. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that the court did not err. The court listened to Dougal's mitigation evidence, considered the differences between Dougal and his codefendant, and sufficiently explained the reasons for imposing the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them.").

Dougal also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Dougal's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need to punish and to promote respect for the law. *See id.*

**AFFIRMED.**

11-30355